FORT POND INN COMPANY *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Worcester.   January 4, 1949. — April 29, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Employment Security. Evidence,* Decision under review, Matter of conjecture, Before board of review. *Quasi Judicial Tribunal. District Court,* Review respecting employment security.

Upon a review under G. L. (Ter. Ed.) c. 151A, § 12, as appearing in St. 1941, c. 685, § 1, of a decision of the director of the division of employment security, the board of review is expected to make its own findings of fact on all pertinent points.

Papers, apparently taken from the files of the division of employment security, which were themselves in substance previous determinations or decisions as to the status of an employer being reviewed by the reviewing board under G. L. (Ter. Ed.) c. 151A, § 12, as appearing in St. 1941, c. 685, § 1, could not be considered by a District Court, reviewing a decision of the board under § 42 as appearing in St. 1943, c. 534, § 6, as evidence of such status before the board.

In reviewing a decision of the director of the division of employment security under G. L. (Ter. Ed.) c. 151A, § 12, as appearing in St. 1941, c. 685, § 1, that under § 8 (d) a certain employer was subject to the statute because he had acquired substantially all the assets of another employing unit which at the time of such acquisition was a subject employer, the board was not warranted in considering as evidence of such status of the former owner-employer certain papers in the files of the division which contained no statement of facts on that issue but merely references to a serial number applicable to him and perhaps some other indications by way of reference which showed that he had been listed by the director as a subject employer; such papers were not a record of his listing as an employer having been duly determined to be covered by the law, but were little more than hints that such a record might exist.

Even under the provisions of G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1, evidence to be considered by the board of review in the division of employment security under § 12 must have a legitimate tendency to convince and not merely to raise a conjecture.

A District Court, under G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, rightly reversed a decision made by the board of review in the division of employment security under § 12 that a certain employer under § 8 (d) was subject to the employment security law because he had acquired substantially all the assets of the business of another employing unit which at the time of such acquisition was a subject employer, where the record disclosed no evidence warranting a finding that such former owner-employer was subject to the law.

The issues before the reviewing board in the division of employment security on a review of a decision of the director under G. L. (Ter. Ed.) c. 151A, § 12, as appearing in St. 1941, c. 685, § 1, where there were no pleadings to define the issues and the hearing was informal, were as broad as the terms of the law; and, on a review by a District Court under § 42, as appearing in St. 1943, c. 534, § 6, the director had no standing to object that a contention by the petitioner for review which the court sustained in reversing the board's decision had not been raised by the petitioner at the hearing before the board.

PETITION, filed in the Second District Court of Eastern Worcester on August 18, 1947, for review of a decision of the board of review in the division of employment security.

The case was heard by *O'Toole*, J.

*B. M. Hall*, Assistant Attorney General, (*J. A. Brennan & L. H. Arber* with him,) for the respondent.

*H. G. Bowen*, for the petitioner.

QUA, C.J. The director of the division of employment security of the department of labor and industries appeals from a decision of the Second District Court of Eastern

Worcester reversing a decision of the board of review by which the petitioner had been held to be an employer subject to the employment security law.

The review in the District Court and the appeal to this court are regulated by G. L. (Ter. Ed.) c. 151A, § 42, as appearing in St. 1943, c. 534, § 6, as amended by St. 1947, c. 434. The findings of fact of the board of review are conclusive, "if supported by any evidence." *Wagstaff* v. *Director of the Division of Employment Security*, 322 Mass. 664, 665. Procedure within the division in a case involving the question whether an employer is subject to the law is regulated by G. L. (Ter. Ed.) c. 151A, § 12, as appearing in St. 1941, c. 685, § 1. This section speaks of a "review" by the board of review of the finding of the director, but we think it clear that the board is expected to make its own findings of fact on all points pertinent to the question. [1]

At the hearing before the board of review it appeared that on May 29, 1946, the petitioner had purchased from one Starck land and buildings on Fort Pond in Lancaster which Starck had previously used to carry on, during the summer seasons, the business of a bath house, skating rink, and eating place. The deed included the personal property in the buildings. The reviewing board found that the petitioner was an employer subject to the law because it had acquired substantially all the assets of the business "of another employing unit which at the time of such acquisition was an employer" subject to the law. G. L. (Ter. Ed.) c. 151A, § 8 (d), as appearing in St. 1941, c. 685, § 1.

We assume that the evidence warranted the finding that the petitioner had acquired substantially all the assets of Starck's business; but we are unable to discover any evidence to warrant the further finding, necessary to bring the petitioner under the law on the ground on which the

[1] The applicable sentence of § 12 reads, "After such notice to the director and to the appellant as said board deems necessary, it shall review the action of the director, reconsider the facts submitted and consider any additional evidence presented by the interested parties and shall affirm such action unless it shall appear that it was made without proper cause, in which case the decision shall be modified or revoked."

board proceeded, that at the time of the acquisition of these assets Starck was an "employer" subject to the law. See definition of "Employer" in G. L. (Ter. Ed.) c. 151A, § 1, as appearing in St. 1941, c. 685, § 1.

None of the facts appeared at the hearing which under § 8 would render Starck an "employing unit" subject to the law. On the contrary, such evidence as bore upon the conduct of Starck's business tended to show that it was carried on only during the summer months, and that Starck's employees did not work in each of twenty weeks in a year, as specified in § 8 (a). The Attorney General, in his brief for the director, seeks to find the necessary evidence that Starck was subject to the law in certain papers, apparently taken from the files of the division relating to the petitioner, which in the early stages of the hearing were caused to be marked as exhibits by the reviewing board itself. Some of these papers were themselves, in substance, the previous determinations or decisions, review of which by the board of review was sought. If, on review, these were evidence of their own correctness it would seem that a District Court could never fail to find evidence to support the findings of the board, and the transcript of testimony, required to be filed by § 42, as appearing in St. 1943, c. 534, § 6, would be practically useless. Such papers cannot be considered as evidence before the board of review. The other papers contain no statements of fact showing that Starck was an employer subject to the law. The Attorney General argues that they contain references placed upon them by the division to a serial number applicable to Starck and perhaps some other indications by way of reference which show that Starck had been listed by the director as a subject employer. This may be the purport of these references, but the evidence does not show that it is. One in the position of the petitioner's representative at the hearing before the board of review could hardly be expected to be familiar with the inner workings of the division. Evidence should be in such form that it can be understood and met by the parties who are interested in the hearing at which it is presented.

See *Moran* v. *School Committee of Littleton*, 317 Mass. 591, 594–595. Even if these references on the papers mean to one familiar with the system what it is said they mean, they are still not a record of the listing of Starck as an employer having been duly determined to be covered by the law. They are little more than hints that such record may exist. If there is such record, we do not know what it says. Neither are we informed as to how it is kept or from what sources it is derived. We need not decide whether, if such record had been introduced showing that after due consideration Starck had been enrolled as a subject employer, it would have been evidence against the present petitioner as the purchaser of the assets of Starck's business.

It is provided by G. L. (Ter. Ed.) c. 151A, § 41, as appearing in St. 1941, c. 685, § 1, among other things, that the conduct of hearings on appeals to the board of review shall be in accordance with regulations prescribed by the board for determining the rights of the parties, "whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure." If we assume that technical rules of evidence did not apply, nevertheless the law requires proof by evidence and not merely by suggestion or intimation. The evidence must have a legitimate tendency to convince and not merely to raise a conjecture. It must conform to the broad standards of fairness which our law expects in all judicial or quasi judicial proceedings affecting the rights of parties. See *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161, 167–168; *Graves* v. *School Committee of Wellesley*, 299 Mass. 80, 84–87; *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 226–227; *Meunier's Case*, 319 Mass. 421, 425–427. In order to determine that the petitioner was subject to the employment security law on the ground taken by the board of review it was necessary that there be evidence at the hearing of the petitioner's case of those facts affecting Starck which according to G. L. (Ter. Ed.) c. 151A, § 8, as appearing in St. 1941, c. 685, § 1, would render Starck subject to the law. We are of opinion that

there was not such evidence. We do not mean to imply that the board intended to deal unfairly with the petitioner. The transcript indicates the contrary. But a general intent to be fair cannot take the place of evidence of essential facts.

The Attorney General also argues that the petitioner cannot raise the question of the want of evidence of Starck's status because, as he contends, it did not raise that question at the hearing before the board of review. This argument cannot prevail. The ground of the board's decision was that the petitioner's predecessor, Starck, was subject to the law. The statute gives a right of review in the District Court to determine whether there was any evidence to support that decision. The hearing was informal. There were no pleadings to define the issues. They were as broad as the terms of the law. The board of review repeatedly, and we think correctly, warned the petitioner that all points were open. We do not discover that the petitioner anywhere conceded that Starck was subject to the law or waived its rights upon that point.

*Decision of District Court affirmed.*