ANNA MANISCALCO *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY
(and two companion cases[1]).

Suffolk.    January 2, 1951. — March 16, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Employment Security*, Employment; Procedure: review by board of re-
view, findings by board of review. *Agency*, What constitutes. *Fish-
eries*. *Evidence*, Presumptions and burden of proof.

Under §§ 2, 12, of the employment security law, G. L. (Ter. Ed.) c. 151A,
as appearing in St. 1941, c. 685, § 1, and § 42 as appearing in St. 1943,
c. 534, § 6, when read together, the board of review in the division of
employment security must make its own findings of fact upon a review
under § 12 of a determination by the director that one is an employer
subject to the law, and the board's findings are conclusive if, and only
if, they are supported by substantial evidence.
Certain evidence as to a particular method of operating fishing boats under
the lay system did not support a finding by the board of review in the
division of employment security that there was an employer-employee
relationship between the owners of such boats and the fishermen com-
prising the crews thereof.
Disbelief by the board of review in the division of employment security of
evidence showing nonexistence of an employer-employee relationship
would not be the equivalent of proof of its existence.

THREE PETITIONS, filed in the Municipal Court of the
City of Boston on February 11, 1948, and December 13,
1949, for review of decisions by the board of review in the
division of employment security.

The cases were heard by *Lewiton, J.*

*F. E. Kelly*, Attorney General, *E. J. Nantoski*, Assistant
Attorney General, & *J. A. Brennan*, for the respondent,
submitted a brief.

*T. B. Shea*, (*J. T. Doherty* with him,) for the petitioners.

SPALDING, J.    These are three appeals by the director of

---

[1] The companion cases are by Charles Bono and Salvatore DiMino &
another against the same respondent.

the division of employment security from decisions of a judge of the Municipal Court of the City of Boston reversing decisions of the board of review that certain owners of fishing vessels (hereinafter called the petitioners) are employers within the meaning of the employment security law.  G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1.  See *Wagstaff* v. *Director of the Division of Employment Security*, 322 Mass. 664, 665.

The petitioners were notified by the director of his determination that they were "employers" subject to the provisions of the employment security law.  This determination was affirmed by the director after a hearing granted to the petitioners in accordance with G. L. (Ter. Ed.) c. 151A, § 12.  The petitioners applied to the board of review which, after hearing, affirmed the determination of the director.  The petitioners then obtained judicial review under § 12.  In all three cases it has been agreed by the parties that the petitioners would otherwise be subject to the provisions of the employment security law and that the only issue is whether a relationship of employer and employee, within the meaning of the statute, existed between the petitioners and the fishermen who manned their boats. With an exception hereinafter noted, the evidence before the board was the same in each case.

"The obligation of an employer under our law to make . . . contributions to the unemployment fund is based upon the relation of employer and employee; and where, as here, there is nothing in our law indicating anything to the contrary, the existence of such a relationship must be determined by the principles of the common law.  One of the essential tests is whether the person who is performing services for another is under the control and supervision of the latter and is bound to obey his instructions, not only as to the result to be accomplished but also as to the means and methods that are to be utilized in the performance of the work.  If he is subject to such control and supervision, then he is an employee of the person for whom he is performing the services." *Griswold* v. *Director of the Division*

*of Employment Security*, 315 Mass. 371, 372–373.   Indeed, § 2, to which we shall presently allude, implicitly recognizes the same test.

Section 2 reads, "Service performed by an individual shall be deemed to be 'employment' unless and until it is shown to the satisfaction of the director that such individual has been and will continue to be free from control or direction by another with respect to the performance of such services, both under his contract of service and in fact."   In § 12 it is provided, "A determination by the director where no hearing has been held, a finding after a hearing, or a decision of the board of review shall, except in matters arising under sections thirty-nine to forty-three, inclusive, be conclusive for all purposes of this chapter."   The position of the director seems to be that since the director has made a determination which has been affirmed by the board of review then, inasmuch as this is a proceeding under § 12 rather than §§ 39–43, the decision of the board is conclusive.   But this argument overlooks other provisions of the statute.   Section 12 provides that the board "shall review the action of the director, reconsider the facts submitted and consider any additional evidence presented by the interested parties and shall affirm such action unless it shall appear that it was made without proper cause, in which case the decision shall be modified or revoked."   In construing this provision in *Fort Pond Inn Co.* v. *Director of the Division of Employment Security*, 324 Mass. 281, 283, we said, "This section speaks of a 'review' by the board of review of the finding of the director, but we think it clear that the board is expected to make its own findings of fact on all points pertinent to the question."   Accordingly, while the director is entitled to rely on the artificial force created by § 2 on proof of "Service performed by an individual" in making his determination, that ceases to be operative when the case reaches the board of review.   Otherwise the review would be illusory because there would be virtually nothing to review.   It need only be shown before the director that "Service [was] performed by an individual" and that would be an end of the matter be-

cause he would not be obliged to believe the evidence offered to rebut the artificial force of the statute, and if this continued to be operative before the board of review it is difficult to see how a review would be efficacious.

This conclusion is reënforced by an examination of other provisions of the statute. Section 12 also provides that "an employing unit [defined in § 1 (j), and which for present purposes must be taken to mean one who has been held by the board to be an employer, whether he is one or not] aggrieved by the decision of the board of review may . . . bring a petition . . . [in a District Court] and have the same remedy as provided for in section forty-two and the practices and procedure established for said section shall obtain." Section 42, as appearing in St. 1943, c. 534, § 6, provides in part, "In any proceeding under this section the findings of the board of review as to the facts, if supported by any evidence, shall be conclusive, and the court shall render a decision or decree in accordance with such findings." When §§ 2, 12, and 42 are read together, as they must be, they lead to the conclusion that the board of review must make its own findings of fact and that these will be conclusive if, and only if, they are supported by substantial evidence.[1] Such a construction gives proper effect to the various provisions recited above and permits a review by the board and by the courts of the sort which we believe was intended by the Legislature.

Guided by these principles we turn now to the merits. The evidence in all three cases was as follows: The boats owned by the petitioners were fishing boats of more than ten net tons and were manned by crews of from four to six fishermen. They were operated under the "share" or "lay"

---

[1] Section 42 uses the phrase "if supported by any evidence," but in construing a similar statute (G. L. [Ter. Ed.] c. 150A, § 6 [e], inserted by St. 1938, c. 345, § 2) in which the words "supported by evidence" were used this court said that they meant "supported by substantial evidence, such 'as a reasonable mind might accept as adequate to support a conclusion.'" *Jordan Marsh Co.* v. *Labor Relations Commission,* 316 Mass. 748, 756. We are of opinion that the words in the statute under consideration are to be given the same meaning. See *Fort Pond Inn Co.* v. *Director of the Division of Employment Security,* 324 Mass. 281, 285.

plan. When a boat was ready for a fishing trip the owner
would "ship" a crew by going to the pier and gathering one.
The owner was entitled to a certain share for the use of his
boat, and if he also went along on the trip he was entitled to
the same share for his work as the other members of the
crew. The boat was stocked with food, medicine, and pro-
visions on the owner's credit, and this expense was deducted
out of the proceeds of the catch before any profits were dis-
tributed. Decisions as to where to fish, the type of fishing,
the duration of the trip, and the selling price of· the catch
were settled by a majority vote of the crew, the owner's
vote, if he went on the trip, counting the same as any other
member. "All of the crew took turns at the wheel and
standing watches." No orders or commands were given by
the owner. No guaranteed compensation was paid to the
crew, and if a trip resulted in a loss a member's share of the
loss would be carried over to the next trip. The owner was
entitled to collect from a member his share of the loss.

This evidence all came from the petitioners and was un-
contradicted except in the *Maniscalco* case.[1] In that case
one McHugh, secretary-treasurer of the Atlantic Fishermen's
Union, subject to exception, gave testimony on behalf of the
director which, based on practices and customs with which
he was familiar, tended in the opposite direction. That evi-
dence need not be recited. On cross-examination McHugh
testified that he did not know the petitioners, had no knowl-
edge of the agreements and practices concerning the boats
in question, and did not know what rules they operated
under. He further testified that his testimony on direct
examination was "about boats that the Atlantic Fishermen's
Union had under agreement," and that "he did not know
about the Italian fleet, the boat owners in question." It is
apparent that this evidence was nothing more than a guess
or speculation and must be put out of the case. *Brownhill* v.
*Kivlin*, 317 Mass. 168, 170. *Friese* v. *Boston Consolidated*

---

[1] In another respect the evidence in the *Maniscalco* case differed from the
others, for it appeared that the petitioner there, a woman, did not do any
fishing, whereas the male petitioners Bono, DiMino, and Molea fished.

*Gas Co.* 324 Mass. 623, 627. In any event it would not afford a basis for the decision made by the board. *Fort Pond Inn Co.* v. *Director of the Division of Employment Security,* 324 Mass. 281, 285.

There was no error. The cases before the board were thus left, as the judge below ruled, with no evidence which would support a finding that the employer-employee relationship existed between the petitioners and the fishermen who comprised their crews. True, the board was not required to believe the evidence introduced by the petitioners even though it was uncontradicted, but its disbelief would not be the equivalent of proof of facts to the contrary. *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, 330. *Buckley* v. *Railway Express Agency, Inc.* 323 Mass. 448, 451. We are not to be understood as laying down a rule of law that fishermen shipping on boats on the "share" or "lay" basis are not employees of the owner. The question is one of fact. *The Norland,* 101 Fed. (2d) 967. We hold only that on the records here the judge correctly ruled that the decisions of the board to the effect that the petitioners were "employers" were not supported by evidence. On other evidence the result might very well be otherwise.[1]

*Decisions of Municipal Court affirmed.*

---

[1] See *Baxter* v. *Rodman,* 3 Pick. 435; *Bishop* v. *Shepherd,* 23 Pick. 492; *Cambra* v. *Santos,* 233 Mass. 131; *Commonwealth* v. *McHugh,* 326 Mass. 249, 269–270; *Domandich* v. *Doratich,* 165 Wash. 315; *Welch* v. *Fallon,* 181 Fed. 875; *United States* v. *Laflin,* 24 Fed. (2d) 683; *Nolan* v. *General Seafoods Corp.* 112 Fed. (2d) 515; *Jacobson* v. *United States,* 44 Fed. Sup. 685; *O'Hara Vessels, Inc.* v. *Hassett,* 60 Fed. Sup. 672. Compare *Emard* v. *Squire,* 58 Fed. Sup. 281.