KENNETH J. SILVA *vs*. DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & another.[1]

Barnstable. October 10, 1986. — November 24, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Employment Security*, Employment relationship. *Agency*, What constitutes.
*Fisheries*.

The board of review in the Division of Employment Security was warranted
  in concluding that the owner of a fishing vessel was the "employer"
  within the meaning of G. L. c. 151A, § 2, of a deck hand who had
  been laid off because of lack of work, where substantial evidence sup-
  ported the board's finding that the captain of the vessel, who was respon-
  sible for hiring and firing the crew and for control of the vessel while
  it was at sea, was the agent of the owner, who retained ultimate control
  over the vessel, including the power to discharge the captain. [611-613]

CIVIL ACTION commenced in the Orleans Division of the
District Court Department on December 20, 1984.

The case was heard by *Robert A. Welsh, Jr.*, J.

*Wendy Thaxter*, Assistant Attorney General, for Director of
the Division of Employment Security.

*Christopher J. Snow* for the employer.

ABRAMS, J. The Director of the Division of Employment
Security (director) appeals from a judgment of a District Court
judge "annulling" a decision of the board of review of the
division (board) which held that the plaintiff, Kenneth J. Silva,
was an employer within the meaning of G. L. c. 151A, § 2,[2]

---

[1] Gilbert Pacheco.

[2] General Laws c. 151A, § 2 (1984 ed.), provides: "Service performed
by an individual, except in such cases as the context of this chapter otherwise
requires, shall be deemed to be employment subject to this chapter irrespec-
tive of whether the common-law relationship of master and servant exists,
unless and until it is shown to the satisfaction of the director that — (*a*)

and that the services performed by one Gilbert Pacheco on the boat owned by the plaintiff constituted employment. After a hearing, the review examiner concluded that the plaintiff was Pacheco's employer. The plaintiff appealed to the full board, which affirmed the decision of the review examiner. The plaintiff appealed to the District Court, and the District Court "annulled" the board's decision. Pursuant to G. L. c. 151A, § 42 (1984 ed.), the director appeals to this court.

The director claims that the board's decision is based on substantial evidence and that the board correctly interpreted G. L. c. 151A, § 2. Therefore, she concludes the District Court judge erred in "annulling" the board's decision. We agree. We reverse and remand for entry of a judgment consistent with the board's decision.

We summarize the board's findings of fact. The plaintiff owns the F/V Gerda Riva, a fishing boat which operates as a scalloper from the port of Fairhaven. The boat usually carries a crew of from seven to nine people, including a captain. Pacheco was a deck hand on the boat from approximately March 14, 1983, until October 1, 1983, when he was laid off because of lack of work. Pacheco filed for unemployment benefits.

The plaintiff, as the owner of the vessel, hires a captain who is responsible for hiring and firing the crew, for operation of the boat while it is at sea, and for the disposal of the catch at auction. The captain also decides the itinerary of the boat. The captain, however, has no authority to make decisions regarding either the maintenance of the boat while it is docked or the purchase of other than "usual" items without the consent of the owner.

---

such individual has been and will continue to be free from control and direction in connection with the performance of such services, both under his contract for the performance of service and in fact; and (b) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (c) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed."

The captain turns over the proceeds from the sale of the catch to the plaintiff. The plaintiff retains forty per cent for himself and distributes an equal share of the remaining sixty per cent to the rest of the crew, including the captain. The plaintiff holds the captain responsible for the success of the operation; he expects the captain to discharge any crew member who limits profitability. If the plaintiff is displeased with the captain's performance, he fires the captain.

Based on this evidence, the board concluded that the captain acted as an agent of the plaintiff and that, therefore, "the direction and control [the captain] exercised over [Pacheco] was on behalf of and for the employer." The board further concluded that "[Pacheco] was an employee within the meaning of Section 2 of the law," and, therefore, was entitled to benefits.

The District Court judge, in reversing the board's decision, determined that the decision was not supported by substantial evidence and that there were no significant factual differences or other circumstances that distinguished the case at bar from the case of *Maniscalco* v. *Director of the Div. of Employment Sec.*, 327 Mass. 211 (1951).

The question is whether the captain was the plaintiff's agent. If the captain is the plaintiff's agent, then the board's decision that the plaintiff could exercise direction and control over Pacheco is correct. The answer to that question can be found in the facts.

"It is . . . the function of the board and not a judge to make findings of fact" in employment security cases. *White* v. *Director of the Div. of Employment Sec.*, 382 Mass. 596, 599 (1981). See *Manias* v. *Director of the Div. of Employment Sec.*, 388 Mass. 201, 205 (1983); *Graves* v. *Director of the Div. of Employment Sec.*, 384 Mass. 766, 769 (1981); *Conlon* v. *Director of the Div. of Employment Sec.*, 382 Mass. 19, 24 (1980). If the findings of the board are supported by substantial evidence, and if there is no error of law, the court must affirm the board. See *Keough* v. *Director of the Div. of Employment Sec.*, 370 Mass. 1, 3 (1976). See also *Lycurgus* v. *Director of the Div. of Employment Sec.*, 391 Mass. 623, 627-628 (1984); *Smith* v. *Director of the Div. of Employment Sec.*, 376

Mass. 563, 564 (1978), and cases cited. Cf. G. L. c. 30A, § 14 (7) (*e*) (1984 ed.). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1 (6) (1984 ed.).

The evidence clearly supported the board's finding that the captain acted as an agent of the owner. While the boat is at sea, it necessarily is impossible for the owner to retain direct and immediate control over either the captain or the crew members. Nevertheless, in this case, the owner retained ultimate control over the ship, distributing the proceeds according to a formula he chose and retaining the power to discharge the captain if he were displeased. On these facts, there are sufficient indicia of direction and control by the owner to warrant the board's findings.[3]

We next turn to the plaintiff's contention that *Maniscalco* v. *Director of the Div. of Employment Sec.*, 327 Mass. 211 (1951), controls this case. We conclude that it does not. Unlike the instant case, in *Maniscalco* a majority vote of the crew determined where to fish, the type of fishing, the duration of the trip, and the selling price of the catch. The owners, even if they went along on the trip, had the same vote on all matters as any other crew member, and the owners gave no orders or commands. The owners retained a certain share for the use of the boats, and, if they went along as crew members, they received the same share as the other crew members.

---

[3] Other courts, in similar circumstances, have found that the ship owner is an employer, noting especially the fact that the owner retains the right to fire the captain. See, e.g., *United States* v. *W.M. Webb, Inc.*, 397 U.S. 179, 193 (1970); *Stevens* v. *Seacoast Co.*, 414 F.2d 1032, 1036 (5th Cir. 1969); *Cape Shore Fish Co.* v. *United States*, 330 F.2d 961, 966 (Ct. Cl. 1964).

The United States Supreme Court stated in *United States* v. *M.W. Webb, Inc., supra* at 192, that "[i]t may be true that, in most maritime relationships, the workers enjoy discretion that is unusually broad if measured by land-based standards — a discretion dictated by the seafaring nature of the activity. However, except where there is nearly total relinquishment of control through a bareboat, or demise, charter, the owner [in circumstances similar to those in the instant case] may nevertheless be considered, under maritime law, to have sufficient control to be charged with the duties of an employer." In this case, there has not been a "nearly total relinquishment of control."

Based on this evidence, we affirmed the judge's ruling that the board's finding that the owners were "employers" was not supported by substantial evidence. Contrary to the plaintiff's argument, we did not "[lay] down a rule of law that fishermen shipping on boats on the 'share' or 'lay' basis are not employees of the owner." *Id.* at 216. We said that the question is one of fact. In this case, there is no evidence of any kind of communal decision-making as in *Maniscalco*. Instead, if the owner is displeased with the profits returned by the captain and the crew that the captain hires, the owner fires the captain. There is a distinct hierarchy, with the owner maintaining direction and control through the captain.[4] Thus, the board's decision is supported by substantial evidence.

Furthermore, after the *Maniscalco* decision, G. L. c. 151A, § 2, was rewritten. St. 1971, c. 940, § 2. The amended statute makes explicit the fact that services "shall be deemed to be employment . . . irrespective of whether the common-law relationship of master and servant exists." The 1971 amendment added two more conditions to the one in the statute at the time of *Maniscalco*. See St. 1941, c. 685, § 1. The three-fold test under the statute as currently enforced requires that the employer seeking exemption prove that, "(*a*) such individual has been and will continue to be free from control and direction in connection with the performance of such services, both under his contract for the performance of service and in fact; and (*b*) such service is performed either outside the usual course of the business for which the service is performed or is performed outside of all the places of business of the enterprise for which the service is performed; and (*c*) such individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed." G. L. c. 151A, § 2 (1984 ed). Because the statutory requirements are joined by the conjunction "and" (see *Hasco Mfg. Co.* v. *Maine Employment*

---

[4] The United States Court of Claims noted the unique factual circumstances of *Maniscalco* that limit its value in deciding all "lay" or "share" cases. See *Cape Shore Fish Co.* v. *United States*, 330 F.2d 961, 972 (Ct. Cl. 1964).

*Sec. Comm'n*, 158 Me. 413, 415 [1962]), the employer bears the burden of proving all three conditions (cf. *Cantres* v. *Director of the Div. of Employment Sec.*, 396 Mass. 226, 231-232 [1985]).

There is no evidence or findings as to subsections (*b*) and (*c*) of the statute. Therefore, Pacheco's services are deemed "employment" by statute and the judge's ruling that the services did not constitute employment is erroneous.

Because the board's decision is supported by substantial evidence and not based on an error of law, we reverse the judgment of the District Court and remand the case for an entry of a judgment in accordance with the board's decision.

*So ordered.*