**UNITED STATES of America**

v.

**Henry Carl LAUING.**

**No. 11241.**

United States Court of Appeals, Seventh Circuit.

April 8, 1955.

Karl M. Milgrom, Chicago, Ill., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Robert Tieken, U. S. Atty., William T. Hart, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Anna R. Lavin, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before MAJOR, FINNEGAN and SCHNACKENBERG, Circuit Judges.

MAJOR, Circuit Judge.

Defendant was charged by indictment with failing and refusing to submit to induction into the military service, in violation of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 451 et seq. He was tried by the court without a jury, found guilty, and judgment was entered accordingly. From this judgment defendant appeals.

In view of the recent decisions of the Supreme Court, we discern no reason to make more than a brief statement of the facts. Defendant claimed that he was entitled to classification as a conscientious objector, which would have exempted him from all military training and service. His claim took the usual course through the local board and the appeal board, with a reference to the Department of Justice. A hearing was had before a hearing officer, with a report to the Department of Justice, and a recommendation by the latter to the appeal board that defendant was not entitled to the claimed exemption. Thereupon, the appeal board classified defendant in I–A. The file was returned to the local board, which notified defendant of the I–A classification, which made him liable for unlimited military training and service. The local board issued its order commanding defendant to report for induction on September 10, 1953. Defendant reported at the induction station but refused to submit to induction. This refusal forms the basis of the instant prosecution.

Defendant was a minister of religion serving as one of Jehovah's Witnesses under the direction of the Watchtower Bible and Tract Society. No question was raised at any stage of the administrative proceeding as to defendant's sincerity or that he did not act in good faith in claiming the status of a conscientious objector. And the government made no point against the defendant on this score either in the court below or here.

■ Previous to the hearing before the hearing officer of the Department of Justice, defendant requested a copy of the secret report made by the Federal Bureau of Investigation. This was denied and the request was renewed at the hearing before that official. Defendant was given no information as to the contents of that report but was assured by the hearing officer that it contained no adverse material, in fact, that it was a wonderful report. The Department of Justice in its report to the appeal board evidently considered matter contained in the FBI report which it regarded as derogatory to defendant. The government argues that there is no requirement in the statute that the defendant be furnished a summary of the FBI report. This argument, plausible at one time, is at present of no consequence in view of the recent decision of the Supreme Court in Simmons v. United States, 75 S.Ct. 397. On the strength of that case alone, we think the judgment must be reversed.

■ Furthermore, the Department of Justice in its unfavorable report to the appeal board referred to the report of its hearing officer, in which it was stated that the defendant had said that he would defend himself under certain circumstances, and assigned that as one of the reasons for denying defendant a classification as a conscientious objector. The government in its brief also calls attention to other statements made by the defendant before the hearing officer, in which he stated that he would not use force or violence normally "unless the lives of my family or members of my church, or my own life was threatened. In this case I would kill if necessary." Defendant gave Scriptural citations in support of the statements thus made. In view of the decision of the Supreme Court in Sicurella v. United States, 75 S. Ct. 403, we must conclude that there was nothing in defendant's willingness to use force to the extent and in the manner indicated inconsistent with his claim as a conscientious objector. On the basis of this case, also, a reversal is required.

The judgment is

Reversed.