Alan I. **BECKER**, Michael G. Egger, James R. Peterson

v.

Lewis B. **HERSHEY**, Director of Selective Service.

Civ. No. 12846.

United States District Court, D. Connecticut.

Feb. 13, 1969.

Steven B. Duke, John Griffiths, New Haven, Conn., for plaintiffs.

Jon O. Newman, David Margolis, Hartford, Conn., for defendant.

## RULING ON MOTION TO DISMISS

BLUMENFELD, District Judge.

This is a companion case to Carey v. Local Bd. No. 2, 297 F.Supp. 252 (D. Conn. Feb. 13, 1969),[1] decided this same day, in which most of the questions raised here were ruled upon. The principal difference between this case and *Carey* is that the local board of the several plaintiffs are not parties to this suit. This difference is decisive.

The plaintiffs, three second year students at the Yale Law School, bring this class action for a declaratory judgment that they, and persons similarly situated, are entitled to a I–S deferment to enable them to complete their academic year; and for an order in the nature of mandamus, compelling the defendant, the National Director of the Selective Service System, to issue a memorandum to local draft boards to this effect. The plaintiffs rely on 28 U.S.C. §§ 1331 and 1361 for jurisdiction and on 28 U.S.C. §§ 2201, 2202 for a cause of action for declaratory judgment.

The named plaintiffs seek to represent a class of all second year graduate students presently pursuing a full time course of study at a college, university, or similar institution, who have received their baccalaureate degrees prior to July 1, 1967, and who are presently classified I–A. Each of the named plaintiffs, although presently residing in Connecticut, is registered with a local draft board without the state. Although

---

1. In view of the emergencies confronting one of the plaintiffs a copy of the deci-sion in *Carey* is attached hereto for the benefit of the plaintiffs.

all three plaintiffs are presently classified I–A by their respective local boards, only one of the named plaintiffs, James R. Peterson, has been ordered to report for induction.

The plaintiffs' claim is that they are clearly entitled, under § 6(i) (2) of the Selective Service Act of 1967, 50 App. U.S.C. § 456(i) (2), to a I–S deferment. The merits of their claim are substantially the same as those presented by Carey and are fully set out and discussed in that opinion.

 The plaintiffs argue that a declaratory judgment against the defendant Hershey will have the effect of a direction to the several draft boards throughout the country. Obviously the real purpose of this suit is to obtain an order that all draft boards must grant a I–S deferment to every person, in the class plaintiffs seek to represent, who requests one. Despite the persuasive arguments of the plaintiffs, the invitation to render such a judgment is declined. In a sense, the case is presented in an adversary context because the National Director of Selective Service has been forced into an adverse position by being made a defendant. But he has no legal interests adverse to those of the plaintiffs. *See* Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937).

Only the several plaintiffs' respective local boards have the power to classify these plaintiffs. The boards are not parties to this proceeding. Only they have the responsibility for making classifications; that is their statutory function. 50 App. U.S.C. § 460(b) (3). Neither the courts nor the Director of Selective Service have the power of supervision over draft boards, nor may they assume it; nor may the boards abdicate it. *Cf.* Eagles v. United States ex rel. Samuels, 329 U.S. 304, 315, 67 S.Ct. 313, 91 L.Ed. 308 (1946). This court does not have jurisdiction over these local boards.

Of course, the denial by this court of the remedy they seek here does not foreclose the plaintiffs from pursuing it in those courts where jurisdiction over the respective local boards may be obtained. That this may lead to different results at the District Court level, *compare* Armendariz v. Hershey, 295 F. Supp. 1351 (W.D.Tex., 1969), *with* Kaplish v. Hershey, Civil No. —— (N.D. Ohio, Feb. 7, 1969), does not justify a declaration, by a single judge, of the law which shall govern all applications for a I–S deferment from every graduate student who asserts that his case is indistinguishable from Carey's. The creation of a stable body of national law is the role of the Supreme Court and the Courts of Appeals, not that of a single federal district judge.[2]

The petition is dismissed for lack of jurisdiction.

---

2. See generally P. Carrington, Crowded Dockets and the Courts of Appeals: The Threat to the Function of Review and the National Law, 82 Harv.L.Rev. 542, 551–54 (1969).