Donald A. **SOLOMON**, M.D., Petitioner,

v.

Robert **SEAMANS**, Individually, and in his capacity as Secretary of the United States Air Force; William B. Kieffer, Individually, and in his capacity as Commander of the Eighth Air Force of the United States, Respondents.

Misc. Civ. No. 70-23-M.

United States District Court, D. Massachusetts.

March 31, 1971.

Stanley R. Lapon, Cambridge, Mass., for petitioner.

Mary M. Brennan, Asst. U. S. Atty., Dept. of Justice, Boston, Mass., for respondents.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

 In this petition for habeas corpus the petitioner, a captain in the Unit-

ed States Air Force (Air Force), seeks to be discharged from the Air Force on the ground he is a conscientious objector. 50 U.S.C. App. § 456(j). Since the scope of judicial review of the classification of petitioner is narrowly limited, the sole question is whether a "basis in fact" exists for the refusal of the Air Force to classify petitioner 1–0 (conscientiously opposed to participation in war in any form). Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L. Ed. 567 (1946); Bates v. Commander, 413 F.2d 475 (1st Cir. 1969). Petitioner's claim arose after entry into the service, and is, therefore, governed by the Department of Defense Directive 1300.6, May 10, 1968, which provides that the 1–0 classification of the Selective Service Act of 1967, and the regulations pursuant thereto, shall be applicable.

 The burden is on petitioner to show he is entitled to the 1–0 classification he claims. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L. Ed. 132 (1953); Estep v. United States, *supra.* If he has adduced evidence which would entitle him to the 1–0 classification, then, in order for the court to find a "basis in fact" for the denial of his claim, there must be in his record affirmative evidence to support the finding that he has not presented a complete or accurate picture of his activities. Where the claim is conscientious objection

> the registrant cannot make out a prima facie case from objective facts alone, because the ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant.

Witmer v. United States, 348 U.S. 375, 381–382, 75 S.Ct. 392, 396, 99 L.Ed. 428 (1955). Where, as in petitioner's case, his veracity is the principal issue to be determined, disbelief of the claim will provide a basis in fact for denial. But if the denial of the claim because it is disbelieved is to be upheld on judicial review, the record must contain some statement of the disbelief. *See Witmer, supra* at 382, 75 S.Ct. 392.

In asserting his claim for 1–0 classification petitioner filed the Department of Defense Summary Sheet For Review of Conscientious Objector application, and a lengthy statement describing in depth his beliefs. He also filed letters from clergymen, fellow officers and others attesting to the genuineness of his beliefs. He was interviewed by an Air Force chaplain, AFR 35–24 § 8b(3), who submitted a report. An Air Force psychiatrist submitted his report, AFR 35–24 § 8b(4), finding petitioner mentally sound, and adding "I cannot challenge the sincerity of his convictions". Colonel Britton, the hearing officer under AFR 35–24 § 8b(6), recommended his discharge be disapproved, giving his reasons. Colonel Ottaway, his commanding officer, recommended disapproval, because

> The duties and responsibilities of a military physician enter into the concept of a non-combatant tradition. Captain Solomon has failed to conclusively show in his request that he is a "universal" objector rather than a "selective" objector.

Exhibit A–14. The Secretary of the Air Force declined to classify petitioner 1–0, stating "Although his duties may be considered non-combatant, the Board noted that such duties neither require nor bar a finding of conscientious objection". He appealed the denial of his application to the Air Force Board for the Correction of Military Records, and that Board, after hearing, recommended petitioner be honorably discharged on the ground of conscientious objection. The Assistant Secretary of the Air Force

disapproved the recommendation of the Board, pointing out that the Secretary of the Air Force had denied petitioner's application for discharge because he "had not established beyond a reasonable doubt that he was a conscientious objector" and that there is no new evidence to justify the action of the Board.

In reviewing this record it is clear that petitioner's statements as to his beliefs and their development, and the letters offered in support of them, make out a prima facie case for 1–0 classification, and must be accepted unless there is otherwise established a basis in fact for the denial of his claim. *See* Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Bates v. Commander, 413 F.2d 475, 478 n.4 (1st Cir. 1969); United States v. Washington, 392 F.2d 37 (6th Cir. 1968); *Cf.* Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970).

The record shows that the sincerity of petitioner's beliefs has not seriously been questioned. The bases upon which the Air Force seems primarily to have relied in rejecting his claim for 1–0 classification are (1) petitioner was already in non-combatant service, and (2) petitioner is a "selective" rather than a "universal" objector. These bases are treated below.

It is no answer to petitioner's claim to say he is already in non-combatant service. Petitioner requested separation from the Air Force on the ground of conscientious objection, and is entitled to have that claim considered. Reference to his non-combatant service only ignores the full extent of his beliefs. Petitioner stated clearly, in the statement submitted on February 24, 1970, his conviction that his opposition to war in any form excludes participation as a physician in the Air Force even in the non-combatant supporting service as a medical officer. After describing in detail his training and instruction in the duties and responsibilities of an Air Force officer, and quoting from the in-

doctrination manual for officers of the USAF Medical Service, petitioner concluded:

> Again and again we are instructed that no matter how big or small the jobs or in what capacity, it is in direct support of the primary mission —flying, and ultimately the destruction of human life. All of this places me in a position which contradicts my religious training and beliefs. In all good conscience I cannot continue to support this effort.

Exhibit A–37.

The court does not accept Colonel Britton's evaluation of petitioner's beliefs. It is not an accurate analysis of petitioner's beliefs to conclude, as the Colonel did, that

> It would appear that thorough instructions regarding the duties and responsibilities of a military physician, with particular explanation of the noncombatant tradition, would do much to clarify Doctor (Capt) Solomon's thinking in this regard.

Nor is the Colonel's observation any answer to the detailed description of the training program to which petitioner had been exposed, or the contents of the indoctrination manual. In any event nothing is shown as a sufficient basis in fact for denial of petitioner's claim on the ground he was already in noncombatant service.

The court is unable to agree that petitioner failed to show he is a "universal" rather than a "selective" objector. The duty of the Air Force is to determine whether petitioner's expressed beliefs that he is conscientiously opposed to participation in war in any form "are sincerely held and whether they are, *in his own scheme of things,* religious". United States v. Seeger, 380 U.S. 163, 185, 85 S.Ct. 850, 863, 13 L.Ed.2d 733 (1965) (emphasis added). Consequently, petitioner's failure to rationalize, as Colonel Britton described it, the "apparently contradictory viewpoints" of the "country of Israel * * * engaged in a rather widespread military operation and that most citizens of that country

were required to perform duty in the military service for a period of time" in no sense casts doubt upon the sincerity of petitioner's declared opposition to participation in war in any form. The chaplain's assertion, obviously as his own opinion, that many Jewish theologians believe the Vietnam War to be immoral provides no basis in fact and no rationale for a conclusion that petitioner believes, or that Judaism requires belief, in selectivity in participation in war. Moreover, petitioner's statements of his political activities demonstrating opposition to the Vietnam War do not contradict, but rather are consistent with his opposition to all forms of war. United States v. Haughton, 413 F.2d 736 (9th Cir. 1969); Kessler v. United States, 406 F.2d 151 (5th Cir. 1969). Petitioner's ambivalence, as viewed by the chaplain, as to the degree of force he would use to protect himself and his family does not derogate from his claim of "universal" objection to war. *See, e. g.*, Silberberg v. Willis, 420 F.2d 662, 664 n.1 (1st Cir. 1970); United States v. Purvis, 403 F.2d 555, 563 (2d Cir. 1968); United States v. Lauing, 221 F.2d 425 (7th Cir. 1955); Shepherd v. United States, 217 F.2d 942 (9th Cir. 1954). Petitioner's own views on the use of force are far less ambivalent than characterized by the chaplain.[1] Any consideration of petitioner's beliefs on the use of force must recognize that the statutory exemption is founded on conscientious objection to war, not to the use of force. United States v. Haughton, *supra*, at 741.

▌ Finally, the Government argued that the timing of the claim, i. e., after petitioner received his orders for six-month assignment in Guam, provides a basis in fact for the finding by the Air Force that petitioner's objection is merely selective. Given the Air Force statements, express and implied, of belief of petitioner's sincerity, the timing of his claim, perhaps finalized when faced with the likelihood of service close to the hostilities, in no way derogates from his opposition to all wars. In any event it "has always been regarded as consistent with spirituality and nobility of character for men of conscientious scruples to continue to examine a moral problem until the final hour of decision, and meanwhile to reflect on their respective duties to conscience and to the social order". Silberberg v. Willis, 306 F. Supp. 1013, 1021 (D.Mass.1969), aff'd 420 F.2d 662, 664 n.1 (1st Cir. 1970).

Accordingly, it is hereby ordered that petitioner be discharged, that he be classified as 1–0, and that he be subject to orders to report for civilian work contributing to the national health, safety or interest.

---

1. "I believe very fundamentally in man's capacity to reason through interpersonal conflicts rationally. Of course, basic aggressive drives exist in all of us. On the level of personal defense, or the defense of a loved one, from physical attack this aggressiveness would probably superceed [sic] rational behavior. War cannot be equated to this type of behavior. It is either mass organized aggression or retaliation; something which requires learning. Certainly * * * we as mature, rational humans can sublimate our own aggressions."
Exhibit A–27, 28.