Cratsley, John C., J.
INTRODUCTION
Petitioner, Rainbow Development, LLC d/b/a Auto Shine (hereinafter “Auto Shine”), requested a hearing with the Department of Industrial Accidents (hereinafter “DIA”) to appeal a decision of the other respondent Liberty Mutual Insurance Company (hereinafter “Liberty Mutual”), determining that individuals working for Auto Shine are employees and not independent contractors. On November 22, 2004 a hearing was held. The DIA, through hearing officer Douglas Sears (hereinafter “hearing officer”), proceeded to examine whether these individuals should be classified as “independent contractors” or “employees” under M.G.L.c. 149, §148 and relevant chapters cross-referenced in c. 149, §148.
On January 5, 2005 the hearing officer rendered the opinion of the DIA. Through its hearing officer the DIA concluded that an employer-employee relationship exists and that these individuals are not independent contractors. On February 4, 2005 Auto Shine filed this case to obtain judicial review in the Superior Court. It seeks reversal of the decision of the DIA, alleging that under M.G.L.c. 30A, §14(7), the decision is unsupported by substantial evidence and is based upon an error of law. On June 24, 2005 Auto Shine filed a motion for Judgment on the Pleadings which is opposed by both the DIA and Liberty Mutual.

STATEMENT OF FACTS

The following facts are taken from the Administrative Record (hereinafter “A.R.”).
Auto Shine is a limited liability company with a principal place of business in Duxbuiy, Massachusetts. The company is in the business of “detailing and conditioning” new and used cars. The detailing and conditioning work is performed at car dealerships throughout the South Shore of Massachusetts. Auto Shine negotiates and contacts orally with car dealerships who wish to offer these services to their retail customers.
Auto Shine places advertisements in the newspaper to find individuals to perform the detailing and conditioning services. Individuals are required to sign a four-page contract (hereinafter the “agreement”) classifying themselves as “independent contractors.” Auto Shine has approximately 30-35 workers performing detailing and conditioning at numerous dealerships. The workers report to a dealership assigned by Auto Shine and at that site they receive a list of detailing work to be performed. The dealership pays Auto Shine per the agreement for the services performed. Auto Shine then pays the worker anywhere from 35-50% of what it receives as their compensation.
Auto Shine does not supply any of the cleaning materials, equipment, tools or supplies. However, all cleaning agents and chemicals used must be approved by Auto Shine and Auto Shine has supplies available for workers — the cost of which can be offset against the amount due to the workers. Auto Shine does not directly oversee any of the work performed. However, under the terms of the written agreement the work is to be done per the “industry standard,” and Auto Shine *278 can terminate a worker if they fail to perform adequately. While Auto Shine does not require workers to wear uniforms, company shirts do exist and have been worn by workers on occasion. Auto Shine also owns two box trucks. Workers use and operate these trucks in order to take materials and equipment to the various job sites. The workers do not cany general liability insurance nor are they bonded.

STANDARD OF REVIEW

The Superior Court may review an agency decision for the reasons specified in M.G.L.c. 30A, §14. Kozloski v. Contributory Retirement Appeal Bd., 61 Mass.App.Ct. 783, 786 (2004). The Court must give “(d]ue weight to experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” M.G.L.c. 30A, §14(7). See also Athol Daily News v. Bd. Of Review of Employment and Training, 439 Mass. 172, 174 (2003). The Court may not substitute its judgment for that of the agency. TDJ Development Corp. v. Conservation Comm. of North Andover 36 Mass.App.Ct. 124, 128 (1994). Review is confined to the administrative record and the burden of proof rests with the plaintiff to overcome the presumption that the agency’s decision is valid. See Foxboro Harness, Inc. v. State Racing Comm’n, 42 Mass.App.Ct. 82, 85 (1997).
The agency’s decision may be modified or set aside only if the reviewing court “determines that the substantial rights of [a] party may have been prejudiced” because the agency decision is in excess of the statutory authority of the agency, based upon an error of law, unsupported by substantial evidence, arbitrary or capricious, or an abuse of discretion. M.G.L.c. 30A, §14(7). See also Cobble v. Comm’r of the Dept of Social Services, 430 Mass. 385, 390 (1999). “Substantial evidence means such evidence as a reasonable mind might accept as adequate to support a conclusion,” after taking into account opposing evidence in the record. M.G.L.c. 30A, §§1(6); 14(8).

DISCUSSION

M.G.L.c. 149, §148B provides a standard for determining whether an individual performing services shall be deemed an employee or an independent contractor.[1] The employer bears the burden of proof and, because the conditions are conjunctive, its failure to demonstrate any one of the criteria set forth in subsections (1), (2), or (3), suffices to establish that the services in question constitute “employment” within the meaning of the statute. Silva v. Director of the Div. of Employment Sec., 398 Mass. 609, 611 (1986) (referring to the identical language found in M.G.L.c. 151A, §2.) A rebuttable presumption is established that any person performing services for another is an employee unless the employer meets the three-prong test. Athol Daily News v. Bd. Of Review of Employment, 439 Mass. 171, 175 (2003). Failure to demonstrate any one of the criteria in the statute suffices to establish that the services in question constitute employment. Id. (emphasis added.)
The hearing officer considered all the relevant criteria set forth in the applicable statutes. Auto Shine contends that the decision of the hearing officer is unsupported by substantial evidence or is based upon an error of law. Specifically, Auto Shine contends that “(t]he undisputed evidence clearly establishes that Rainbow did not exercise any control over these individuals and thus they are independent contractors . . .”[2] At the hearing the written agreement between Auto Shine and the workers was entered into evidence and discussed in detail. (A.R. 5; 11; 15-18.) Further, the hearing officer cited many provisions of the agreement within his opinion. (A.R. 76-78.) Auto Shine required that every worker sign the agreement. (A.R 11; 15.) While Auto Shine argued that it primarily used the agreement to establish that the worker was an independent contractor, the text of the agreement also established that the work was to be done to “industry standard” and that only Auto Shine “approved cleaning solutions” were to be used by the workers. (A.R. 20; 76.) The agreement also allowed the worker to obtain approved cleaning supplies directly from Auto Shine and the payment for such supplies could be deferred and offset against the earnings of the worker. (A.R. 76.) The hearing officer found and this Court agrees that while the agreement attempts to establish an independent contractor relationship, it also asserts control over the performance of the worker via the contract. M.G.L.c. 149, §148B(a)l.
Auto Shine contends that because all of the work performed is done off-site, there is no control over the performance of the worker. However, it is the “(r]ight of control rather than the exercise of it . . .” Case of Dermott, 283 Mass. 74, 77 (1933), that is legally determinative. See Also In re Brigham’s Case, 348 Mass. 140, 142 (1964) (the essence of the distinction, is the right of control.) Auto Shine was in contact with the dealerships and would monitor the job performance of the workers, (A.R. 17.) If a worker was not performing adequate detailing, Auto Shine would “(h]ave to find someone else” to perform the work, essentially terminating that worker. (A.R. 19; 84.) See Also Cowan v. Eastern Racing Ass’n., 330 Mass. 135, 143 (1953). Auto Shine also owns two box trucks, which the workers themselves drive, used to transport supplies and materials. (A.R. 34.) While workers are not required to wear uniforms, Auto Shine does have company shirts available and workers do wear them on occasion. (A.R. 19; 36.) For all these reasons, this Court finds substantial evidence in the Administrative Record which establishes that Auto Shine had control over the workers both under the contract for performance and in fact.
While Auto Shine argues that “control” is the only relevant test, the hearing officer correctly considered whether the service is performed outside the usual *279 course of the business of the employer.[3] Specific inquiry was made at the hearing into the course of business of Auto Shine. (A.R. 13-17.) Auto Shine is a “detailing and reconditioning business.” (A.R. 13.) Auto Shine places advertisements in the paper to hire workers to perform all of the detailing and reconditioning. (A.R. 23.) In his opinion the hearing officer stated:
Bottom line: were Auto Shine to have employees, they would perform the same services as those whom the Agreement terms as “independent contractors.” The only “business” Auto Shine does is to provide its customers with the services that these employees perform.
(A.R. 79-80, emphasis added.)
The workers are engaged in the exact business Auto Shine is engaged in; Auto Shine merely provides the administration. (At 34.) Without the services of the workers, Auto Shine would cease to operate. (A.R. 79-83); sec also Mobile Oil Corp. v. Roumeliotis, 38 Mass.App.Ct. 245 (1995). Auto Shine provided no evidence to the contrary at the hearing nor do they address this issue in their memorandum filed with the Court.
Further, Auto Shine’s workers do not carry general liability insurance nor are they bonded. (A.R. 40-41.) After Auto Shine assigned a worker to a particular dealership that worker would show up at that dealership each day. (A.R. 37.) Hence, these workers are not “[cjarrying on their own business.” Mobile Oil Corp. v. Roumeliotis. 38 Mass.App.Ct. 245, 250 (1995). It is my conclusion similar to that reached by the DIA’s hearing officer, that there is substantial evidence in the Administrative Record to support a finding that these workers are not engaging in an independently established trade. Auto Shine provided no evidence to the contrary at the hearing nor do they address this issue in their memorandum.

DECISION OF THE COURT

This Court concludes that Auto Shine has failed to carry its burden of proof on any of the three tests found inM.G.L.c. 149, §148B. Therefore, they cannot prevail on their claim that the DIA’s decision was unsupported by substantial evidence or an error of law under M.G.L.c. 30A, §14. Therefore, the Petitioner’s Motion for Judgment on the Pleadings is denied and a Final Judgment shall enter affirming the decision of the Department of Industrial Accidents issued on January 5, 2005.

 Section 148B(a) For the purpose of this chapter and chapter 151, an individual performing any service, except as authorized under this chapter, shall he considered to be an employee under those chapters unless:—
(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
(2) the service is performed outside the usual course of the business of the employer; and,
(3)the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

 Plaintiff’s Memorandum in Support of Its Motion for Judgment on the Pleadings at p.5.

 M.GL.c. 149, §148B(2).