Smith, Herman J., J.
*512 I. Introduction
The plaintiff, Robert Somers (“Somers”), brought this action against Converged Access, Inc. (“CAI”) and Per Suneby (“Suneby”) personally for age discrimination, misrepresentation, unjust enrichment, and violation of the Massachusetts Wage Act. The matter is before the court on the defendants’ motion for summary judgment. For the reasons stated below the defendants’ Motion for Summary Judgment is ALLOWED as to Counts in the Complaint.
II. Background
The plaintiff, Somers, was born on October 28, 1947. Somers graduated from Boston Latin School in 1966 and received a Bachelor of Science degree in electrical engineering from the Massachusetts Institute of Technology in 1972. Somers has worked in industrial engineering for nineteen years. He was 56 and 57 at the time of the alleged incidents. Somers had previously worked as an independent contractor for Sitara, a company whose assets CAI acquired in a foreclosure sale in May of 2004.
At the end of June of 2004, CAI listed two job openings on its website. These openings were for a Quality Assurance Engineer and a Senior/Principal Quality Assurance Engineer. Somers applied for the two open positions with CAI. He was one of two candidates interviewed in July of 2004. The other individual interviewed for that position was Donald Bispham (“Bispham”). Bispham was 47 years old at the time and was ultimately hired for the job. CAI employees interviewing Bispham determined that he had “a strong networking background, specific experience in troubleshooting networks, routing protocols, security, and multiple network access methods, and network debug skills.” Gellatly Aff., par. 6. Bispham was hired at a salary of $80,000 a year.
CAI put the other open position on hold due to budgetary issues. The interview process for the second position was re-opened in April of 2005. Somers was interviewed for this position on April 6, 2005. He was not offered the job. CAI interviewed nineteen other candidates but did not hire someone permanently until February of 2006.
In the meantime, Somers worked for CAI under an independent contractor agreement as a quality assurance engineer. CAI first hired Somers pursuant to an independent contractor agreement on May 18, 2005 for a period of two months. The agreement was extended for an additional three months under the same independent contractor agreement. During Somers’s time at CAI, Boris Gdalevich (“Gdalevich"), an employee of CAI, was his contact person. Gdalevich was not part of CAI management. While working for CAI, Somers was paid at an hourly rate of $65.00, earning a total of $47,482.50. Pursuant to the agreement, CAI gave Somers a 30-day notice in August of 2005 that his independent contractor agreement would not be renewed.
In mid-2005 CAI changed its business focus to a new product, called “CAP,” which required employees with significant voice-over IP experience. It is undisputed that Somers has very little voice-over IP experience.
CA eventually hired George MacNamara (“MacN-amara”) on February 1, 2006 to fill the open quality assurance engineer position. MacNamara was 53 years old at the time and had a strong background in voice-centric products as well as professional experience working for 3Com. Gellatly Aff., para. 14. MacN-amara was hired at a salary of $92,000.00 a year.
III.Discussion
1. Summary Judgment Standard
A motion for summary judgment may be granted when no genuine issue of material fact exists. MassR.Civ.P. 56(c); Cassesso v. Comm'r of Corr., 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must demonstrate that the parties do not dispute any material fact. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715 (1991). A “material” fact is one that might affect the outcome of the suit under applicable law. Mulvihill v. The Top-Flight Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). “Genuine” means that the evidence would permit a reasonable fact finder to resolve the point in favor of the nonmovant. Id.
If the moving party does not bear the burden of proof at trial, it must either: (1) submit affirmative evidence negating an essential element of the non-moving party’s claim, or (2) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourovacilis, 410 Mass. at 711. The non-moving party may not defeat the motion for sum-maiy judgment by resting merely on the allegations and denials of its pleadings, but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass.R.Civ.P. 56(e). This Court will interpret all inferences in the light most favorable to the non-moving party. Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 438 (1995).
2. Age Discrimination
General Laws c. 15IB, §4 states in relevant part “It shall be an unlawful practice ... for an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.” G.L.c. 151B, §4 (2007 ed.). “The term ‘age’ unless a different meaning clearly appears from the context, includes any duration of time since an individual’s birth of greater than forty years.” G.L.c. 151B, 1(8) (2007 ed.).
*513 A court assessing an age discrimination claim under G.L.c. 151B will follow a three-stage analysis. Wynn & Wynn v. Massachusetts Comm. Against Discrimination, 431 Mass. 655, 665 (2000) (rev’d in part on other grounds). At the initial stage, the plaintiff bears the burden to produce evidence of a prima facie case of unlawful discrimination. Id. at 664. The plaintiff can meet this burden by producing either direct or indirect evidence. Id. Once a prima facie case has been established, the burden then shifts to the defendant to articulate a legitimate nondiscriminatoiy reason for the adverse employment action. Id. at 665-66; Wheelock College v. Massachusetts Comm. Against Discrimination, 371 Mass. 130, 136 (1976). Finally, the plaintiff must rebut the defendant’s proffered reason by showing it is only a pretext and in fact the defendant unlawfully discriminated against the plaintiff. Wynn, 431 Mass. at 666; Blare, 419 Mass. at 442.
A. Prima Facie Case
A plaintiff may use either direct or circumstantial evidence to make out a prima facie case of discrimination. Wynn, 431 Mass. at 665. To make a prima facie case in a failure to hire claim, the plaintiff must show that (1) he is in the protected class, (2) he applied for the job, (3) he was qualified for the job, (4) despite his qualifications he was not hired and finally, (5) the employer filled the position with another individual with similar or lesser qualifications. DiBenedetto v. Commonwealth, 398 Mass. 395, 398 (1986). In an age discrimination case the fifth prong also requires the plaintiff to show the position was filled by someone substantially younger than the plaintiff. Knight v. Avon Products, Inc., 438 Mass. 413, 423 (2003). Once the plaintiff establishes a prima facie case, there is a presumption of unlawful discrimination. Blare, 419 Mass. at 441. The case law is clear, however, that an age gap of less than five years is not enough, by itself, to make out a prima facie case of age discrimination. Knight, 438 Mass. at 425.
The parties have briefed two instances of age discrimination. The first concerns CATs failure to hire Somers for a position in July of 2004, instead hiring Bispham, who is nine years younger than Somers. The second concerns CATs failure to hire Somers when he interviewed for a second open position in April of2005, instead hiring MacNamara in February of 2006 for the position. MacNamara is 3 years younger than Somers. The court will discuss these each in turn.
i. First Instance of Age Discrimination
CAI has extensively briefed and refuted a claim of age discrimination as to their hiring of Bispham for a position in July of2004 for which Somers also applied. According to the papers before the court, Somers has not specifically alleged this incident as a basis for his age discrimination claim.[1]
Generally, failure to allege a claim against the defendant arising from the same nucleus of operative facts would constitute waiver of such a claim, barring any recovery by the plaintiff and not requiring discussion by this court. Mancuso v. Kinchla, 60 Mass.App.Ct. 558, 567 (2004); Commonwealth v. LaPointe, 55 Mass.App.Ct. 799, 803-04 (failure of pro se defendant to raise claim in first appeal precludes later consideration).[2] This rule recognizes the need to put the defendant on notice of claims raised in order to permit the defendant to properly defend the suit. Spring v. Geriatric Authority of Holyoke, 394 Mass. 274, 287-88 (discussing purpose for pleading requirements). However, in this instance, this Court will address the first claim of age discrimination for two reasons. First, the plaintiff is representing himself and as such the Court will give some extra deference to pro se complaints. Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). Second, the defendant was clearly aware of such a claim and is not prejudiced by the plaintiffs failure to allege it where it was extensively briefed. James W. Smith & Hiller B. Zobel, Rules Practice §8.1, at 143 (2006) (noting purpose of pleadings is to put defendant on notice of claims and defenses as well as establish nature of litigation); Mmoe, 393 Mass. at 620. As a result, this Court will address the first claim of age discrimination in July of 2004.
Somers was 56 years old at the time that he applied for the first engineering position with CAI. This age puts him in the protected class because he is over 40 years old. It is uncontested that Somers applied for the first open position CAI advertised, and was interviewed for it. The first two prongs of the prima facie case Eire therefore met. DiBenedetto, 398 Mass. at 398.
The next prong requires that Somers show he was qualified for the position. Id. Somers baldly asserts that he is qualified for engineering positions at CAI based on his education and experience. At the time that Somers applied for this position, he had not done any work for CAI specifically, only having worked for Sitara, a predecessor company later acquired by CAI. He did have a bachelors of science degree in electrical engineering and had industrial experience as an engineer. It is uncontested that he was not hired for the position, meeting prong four. Even giving Somers the benefit of the doubt and assuming he was qualified for the position, thereby meeting prong three, Somers fails to establish a prima facie case on the fifth prong.
The fifth prong requires that Somers show that the individual hired had similar or lesser qualifications, and in the context of age discrimination, that he was substantially younger than the plaintiff. DiBenedetto, 398 Mass. at 398; Knight, 438 Mass. at 423. Bispham was 47 years old, while Somers was 56 years old at the time of the hiring. An age difference of nine years qualifies Bispham as substantially younger than Somers. Knight, 438 Mass. at 424 (noting court draws line at five years for determining who is substantially younger). Somers is not able to show that Bispham *514 had similar or lesser qualifications, however. CAI has submitted evidence by affidavit, that Bispham was found to have greater experience than Somers, involving different components and troubleshooting networks as well as previously having worked for 3Com. Gellatly Aff., para. 6. As Somers has not offered any evidence to contradict CAI’s assertion, it will be taken at face value. As such, it is clear that Bispham had greater experience and therefore was more qualified for the job than Somers. Somers is unable to establish the fifth prong of a prima facie case as to the first incident of age discrimination and therefore the defendants’ Motion for Summary Judgment as to the claim of age discrimination in July of 2004 is ALLOWED.
ii. Second Instance of Age Discrimination
The second instance of age discrimination, which was the only one specifically alleged by the plaintiff as a basis for the age discrimination claim, concerns an engineering position he applied for in April of 2005. Somers was interviewed and not hired. The position was put on hold for budgetary reasons, but interviews were held periodically over the ensuing months. CAI eventually hired MacNamara in February of 2006 to fill the position.
As previously stated, Somers was over age 40 at the time of the alleged discrimination and is therefore within the protected class. It is also uncontested that Somers applied and was interviewed for the second position open at CAI in April of 2005. Accordingly, the first and second prongs of a prima facie case are met. DiBenedetto, 398 Mass. at 398.
The third prong requires a showing that Somers was qualified for the position. Id. The fact that Somers was hired, at least ostensibly as an independent contractor, to perform the duties of this position during the spring and summer of 2005 demonstrates that he was qualified for the position. It is uncontested that Somers was not hired as a permanent employee, at least in the eyes of CAI, therefore the fourth prong of a prima facie case is met. Id.
The final prong requires a showing that CAI hired another individual with lesser or similar qualifications. DiBenedetto, 398 Mass. at 398. Instead of hiring Somers, CAI hired MacNamara. Somers alleges he was qualified for the position based on his past experience before working for CAI and his experience as an independent contractor with CAI. Because Somers does not allege that MacNamara’s qualifications were lesser or similar, he has failed to meet this final prong and therefore cannot establish a prima facie case.
In addition, an age discrimination claim requires that the plaintiff show the individual hired was substantially younger. Knight, 438 Mass. at 423. The case law is clear that an age difference of 5 years or less is not enough, by itself, to constitute a prima facie case of age discrimination. Id. at 425. Here the individual hired, MacNamara, was 53 years old at the time he was hired, three years younger than Somers. Other evidence supporting an allegation of age discrimination might overcome this small age gap. Yet Somers has offered no other evidence to show that the decision by CAI not to offer him permanent employment was motivated by unlawful age discrimination. Somers has merely stated that he himself was qualified for the job and that on that basis alone, he should have been hired. Based on the foregoing analysis, Somers has failed to meet the standards for establishing a prima facie case of age discrimination. While this is a sufficient basis for deciding the defendants’ motion for summary judgment, the court addresses the rest of the analysis in the interest of completeness.
B. Legitimate Nondiscriminatory Reason
Even if Somers were able to establish a prima facie case, CAI is able to articulate legitimate nondiscriminatory reasons for its hiring decisions that Somers has not rebutted. Once the plaintiff has established a prima facie case of age discrimination, the burden shifts to the defendant to give a legitimate non-dis-criminatoxy reason for its adverse employment action. Wynn, 431 Mass. at 665-66; Wheelock College, 371 Mass. at 136. This requires the defendant to meet only a burden of production, rather than persuasion. Mesnick v. General Electric Co., 950 F.2d 816, 823 (1991). So long as the adverse employment decision did not result from age discrimination, it will be upheld. “Courts may not sit as super personnel departments, assessing the merits — or even the rationality — of employers’ nondiscriminatory business decisions.” Mesnick, 950 F.2d at 825.
CAI contends that in its switch to a new product requiring voice-over IP experience, MacNamara was more qualified for the job. CAI found that MacNamara had “a strong background in voice-centric products and professional experience at 3Com.” Gellatly Aff., par. 14. In contrast CAI notes, and Somers does not contest, that Somers lacked the same professional voice-over IP experience. Somers Dep., pages 93-94. In addition, as per Somers’s own testimony, his only experience with the new CAP products consisted of work on a telephone system on his own time. Somers Dep., pages 75-76. CAI therefore had a legitimate nondiscriminatory reason for not hiring Somers for the position, namely that MacNamara was more qualified.
C. Rebuttal
Once the employer has articulated a legitimate nondiscriminatory reason for the employment decision, the burden shifts back to the plaintiff to show that the proffered reason was a pretext for discrimination. Wynn, 431 Mass. at 666; Blare, 419 Mass. at 442-43. The plaintiff “must persuade the fact finder by a fair preponderance of the evidence that the defendant’s asserted reasons were not the real reasons for the action.” Brunner v. Stone & Webster Eng’g Corp., 413 Mass. 698, 700 (1992).
*515 Somers has stated that CAI’s need for voice-over IP experience was a pretext and that they did not hire him because of his age. Somers’s assertion is based on the fact that he alleges he is qualified for the position, and on several statements made by Gdalevich. However, Gdalevich was not among those responsible for hiring and Somers admits that his discussion with Gdalevich regarding the reasons behind CAI’s hiring decision involved mere speculation. Somers Dep., page 47-48. These facts are not enough to rebut the legitimate nondiscriminatory reason given by CAI. Williams v. Raytheon, 220 F.3d 16 (2000) (no evidence to rebut where plaintiff alleged only several remarks by his superior). As such, the defendants’ motion for summary judgment on the claim of age discrimination in April of 2005 is ALLOWED.
8. Massachusetts Wage Claim Act A. Classification of Somers
The plaintiff also alleges the defendants violated the Massachusetts Wage Claim Act, G.L.c. 149, §148B (Wage Act). This Act states in relevant part:
For the purposes of this chapter and chapter 151, an individual performing any service . . . shall be considered to be an employee under those chapters unless
(1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
(2) the service is performed outside the usual course of the business of the employer; and,
(3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.
The Act goes on to state that the failure of an employer to -withhold taxes will not be considered in making a determination under the Act. G.L.c. 149, §148B(b). The Act provides that failure to properly classify an employee as such will result in the employer being punished and “subject to all of the criminal and civil remedies.” G.L.c. 149, §148B(d). This section also provides that the president of a corporation is liable under the Act as well. G.L.c. 149, §148B(d).
Massachusetts courts have construed this statute narrowly. Prozinski v. Northeast Real Estate Services, LLC, 59 Mass.App.Ct. 599, 603 (2003). In assessing claims of Wage Act violations, tire employer has the burden of establishing that the individual was an independent contractor rather than an employee. Silva v. Director of the Div. of Employment Sec., 398 Mass. 609, 611 (1986) (discussing identical language in G.L.c. 151A, §2).[3] The use of the conjunctive in the statute between the three subparagraphs of section (a) indicates that all three prongs must be established for the individual to be considered an independent contractor, otherwise there is a presumption of employee status. Athol Daily News v. Board of Rev. of the Div. of Employment and Training, 439 Mass. 171, 175 (2003) (interpreting identical provisions under G.L.c. 151A, §2).
Based on the record before the court, and viewing the facts in the light most favorable to the plaintiff CAI and Suneby have not established that Somers was an independent contractor. It is undisputed that Somers performed work at the regular place of business of CAI and by the limited information in the record, it appears he was performing work for which there was an open salaried employee position. As such, CAI and Suneby have failed to establish the second prong of the test under G.L.c. 149, §148B. The court need not address the other two prongs as failure to establish one is fatal to the defendants’ claim for summary judgment on a Wage Act claim. Athol Daily News, 439 Mass. at 175. While more evidence may serve to establish the defendants’ position at trial, this is genuine issue of material fact that cannot be resolved on summary judgment. As such, the defendants’ motion for summary judgment cannot be granted on this basis if the analysis were to stop at this point. However, there is the element of damages to consider.
B. Damages
Nevertheless, in order to recover on a Wage Act claim the plaintiff must have suffered damages. G.L.c. 149, §150 states that an employee claiming to be aggrieved as a result of G.L.c. 149, §148B:
[M]ay, at the expiration of ninety days after the filing of a complaint with the attorney general, or sooner, if the attorney general assents in writing, and within three years of such violation, institute and prosecute in his own name and on his own behalf, or for himself and others similarly situated, a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits.
Somers alleges, and CAI and Suneby do not contest, that he was issued a right to sue letter from the attorney general. Pursuant to that letter, Somers brought this action. In his amended complaint, Somers does not seek any injunctive relief as he no longer works for CAI. He does, however, seek damages for failure to provide employee benefits and for failure to pay overtime and holiday rates. Notably, the statute does not provide for nominal statutoiy damages.
CAI and Suneby contest the damages alleged by Somers, arguing that he was in fact paid more as an independent contractor than he would have been as an employee, even accounting for employee benefits. In the defendants’ detailed discussion on the issue of damages, they demonstrate that even if CAI had paid Somers as an employee and expended sums on his behalf for all employee benefits available to salaried employees working at CAI, he still would not have made as much money as he did working as an inde *516 pendent contractor. Assuming Somers had been paid at the higher rate of $92,000 annually if he had been hired as an employee, he was still paid $7,059.76 more for the time he worked as an independent contractor.[4] Somers does not contest these figures. While the defendants fail to account for overtime that might have been paid to Somers, even accounting for this does not result in a loss to the plaintiff compared to the higher rate he was paid as an independent contractor.[5] Accounting for unpaid overtime, Somers’s loss of $1,381.25 falls well below the extra $7,059.76'he made while misclassified.
Somers also alleges losses for failure to pay holiday pay, but does not allege which holidays he worked. Given the period over which Somers worked for CAI (May through September), this court finds that amount would similarly not create a loss above and beyond the additional amount Somers was paid while classified as an independent contractor as opposed to an employee. In addition, the plaintiff alleges he suffered damages resulting from late payment of wages, but offers no proof of such. The defendants however provide payment records for Somers throughout his employment, which indicate that he was regularly paid on a bi-weekly basis.
Somers argues that CAI should not derive a benefit by misclassifying the plaintiff as an independent contractor. While the court agrees fully that damages resulting from such a misclassification should be fully compensated, Somers has failed to allege any concrete basis for and demonstrate the existence of any such damages, even if a trial were to result in a finding that CAI and Suneby violated the Wage Act. While the burden of proof regarding the plaintiffs classification would be on the defendants at trial, the plaintiff must first allege damages justifying a trial. Somers has failed to do so. Furthermore, the Wage Act is limited to recovering for damages for failure of an employer to timely pay wages and benefits in full and does not allow recovery for other incidental damages such as lost job opportunities or emotional distress, as alleged by Somers.
Based on the foregoing analysis, the defendants’ Motion for Summary Judgment as to Somers’s claim under the Massachusetts Wage Act is ALLOWED.
4. Misrepresentation
Somers’s claim for misrepresentation is derived from his allegation that CAI and Suneby violated the Massachusetts Wage Act and misclassified him as an independent contractor rather than an employee. As such, the foregoing analysis applies here as well and the defendants’ Motion for Summary Judgment as to this claim is ALLOWED.
5. Unjust Enrichment
Somers’s claim for unjust enrichment is derived from his allegation that CAI and Suneby violated the Massachusetts Wage Act and misclassified him as an independent contractor rather than an employee. As such, the foregoing analysis applies here as well and the defendants’ Motion for Summary Judgment as to this claim is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’, Converged Access, Inc. and Per Sun-eby, Motion for Summary Judgment be and is ALLOWED as to Counts I, II, III, and IV of the Amended Complaint.

Somers’s Massachusetts Commission Against Discrimination (MCAD) filing states “on April 6, 2005,1 applied for full time work and gave my application to Human Resources since there was an opening for an Engineer ... I believe I was not hired as an employee because of my age.” Fogelman Aff., exhibit F. In Somers’s amended complaint, he begins recounting the facts of his case with “[o]n or about April 6, 2005, plaintiff applied to [CAI] to be hired for an open position as a full time employee . . .” Nowhere does he discuss his application to CAI in July of 2004, though CAI states he applied and interviewed for an open position at that time for which he was not hired. CAI ultimately hired a forty-seven-year-old man instead of Somers for that position.

In a similar case, the Superior Court dismissed plaintiffs claim for retaliation where she failed to allege it in her MCAD complaint. Sivieri v. Commonwealth, 21 Mass. L. Rptr. 97, 8 (2006) (Brassard, J.).

The Superior Court has previously applied this standard to interpretation of G.L.c. 149, 148B. Rainbow Dev., LLC v. Commonwealth of Mass. Dep’t of Indus. Accidents, 20 Mass. L. Rptr. 277, 5 (2005) (Cratsley, J.). The U.S District Court has adopted the same standard. Scalli v. Citizens Financial Group, Inc., 2006 U.S.Dist. LEXIS 7717, 48 (2006) (Woodlock, J.).

CAI and Suneby have accounted not only for the actual dollars that would have been paid out to Somers as an employee, but also the amounts CAI would have spent on Somers’s behalf for social security, health and dental insurance, vacation pay as well as tax savings to Somers based on pre-tax contributions he would have been able to make as an employee. While Somers would likely have paid higher rates for these benefits as an individual had he paid out of pocket for them, he has not alleged that he suffered any such damages.

According to pay records provided by the defendants, Somers worked 42.5 hours of overtime throughout his time at CAI. His normal rate of pay was $65.00, therefore his time and a half rate would have been (assuming he would have been paid at this rate as an employee, which CAI disputes), $97.50. As he was compensated at his normal rate for these hours, his loss is the difference between $97.50 and $65.00, or $32.50 per hour. This is assuming that Somers would have been paid hourly rather than by salary, thus entitling him to overtime pay.
Pay Period Hours Worked OT Hours Money Owed
May 18-May 30 104.0 24.0 $ 780.00
May 31-June 10 56.0 0.0 0.00
June 11-June 24 80.0 0.0 0.00
June 25-July 8 72.0 0.0 0.00
July 9-July 22 81.6 1.5 48.75
July 23-Aug 5 97.0 17.0 $ 552.50
Aug 6-Aug 19 80.0 0.0 $ 0.00
Aug 20-Sept 2 80.0 0.0 $ 0.00
Sept 3-Sept 16 80.0 0.0 S 0.00
TOTAL $1,381.25